# LEE LITIGATION GROUP, PLLC
143 W. 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

August 14, 2019

**Via ECF**
The Honorable Steven Tiscione, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *Francisco v. NY Tex Care, Inc., et al.*
> Case No. 19-cv-1649

Dear Judge Tiscione:

We represent Plaintiff in the above referenced matter.

This letter is respectfully submitted in advance of the Initial Conference scheduled for August 22, 2019, in anticipation of our motion for the following relief:

1. Conditional certification of this action as a representative collective action, with respect to all non-exempt employees (including, but not limited to all pressers and dry cleaners) at Defendants' Green and White Dry Cleaner ("Covered Employees"), pursuant to the FLSA, 29 U.S.C § 216(b);
2. Court-facilitated notice of this FLSA action, including a consent form (opt-in form), as authorized by the FLSA;
3. Approval of a FLSA notice (including Spanish translation) of this action and the consent form;
4. Production in Excel format of names, Social Security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of Covered Employees;
5. Posting of the notice, along with the consent forms in Defendants' dry cleaner location; and;
6. Equitable tolling of the FLSA statute of limitations until such time that Plaintiff can send notice to potential opt-in plaintiffs.

## BACKGROUND

Defendants operate a commercial cleaning company offering dry cleaning services under the tradename "Green & White Dry Cleaners." Plaintiff Francisco was employed by Defendants as a non-exempt employee. Plaintiff and other Covered Employees suffered from Defendants' policy of time shaving. Plaintiff seeks to represent a class of employees similarly situated.

Courts in this Circuit have repeatedly held that a motion seeking conditional certification of a collective action is a non-dispositive motion. See *Warman v. Am. Nat'l Standards Inst.*, 193 F. Supp. 3d 318, 321 n.1 (S.D.N.Y. 2016) ("Motions for conditional certification of a collective

action under the FLSA are non-dispositive."); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) ("magistrate judge has jurisdiction over a motion seeking conditional class certification because it is only a 'preliminary determination[] and [is] not dispositive.'"); Bijoux v. Amerigroup N.Y., LLC, No. 14 Civ. 3891, 2015 U.S. Dist. LEXIS 122669, at *3 (E.D.N.Y. Sep. 15, 2015) (magistrate judges have "the authority to grant conditional certification in the first instance because such a determination is a non-dispositive matter."); Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 156 fn. 6 (N.D.N.Y. 2008) ("The issue of whether a United States Magistrate Judge had jurisdiction to hear [a motion for conditional collective certification] and render a decision accordingly has been firmly resolved within this Circuit.") (citing cases). Plaintiff intends to file a motion for collective action and an accompanying memorandum of law.

## ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve the distribution of notice to Covered Employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case, because the initial pleadings and preliminary evidence (including Plaintiff's annexed declaration and other documentary evidence) show that all Covered Employees are similarly situated. Here, as described above, members of the proposed collective (as defined above) suffered common harms resulting from Defendants' unlawful wage and hour policies. Thus, they "together were victims of a common policy or plan that violated the law," *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation marks omitted).

### A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the proper overtime compensation. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments in cases arising from the same events and brought under the same laws.

### B. THE STANDARD FOR CONDITIONAL CERTIFICATION AND NOTICE IS LENIENT

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named plaintiff." *Anglada v. Linens n' Things, Inc.*, No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a

court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007) (internal quotation marks omitted)). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiff needs to make no more than a "modest factual showing" that she and other Covered Employees are "similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation marks omitted, emphasis in original). *See, e.g., Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit).

### C. DISCOVERY OF CLASS INFORMATION IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of class information of potential collective members. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006); *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637. "Courts within this Circuit routinely grant [plaintiffs' motions] to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22. Class-wide production of discovery will also be necessary to support Plaintiff's later anticipated motions for class certification pursuant to Fed. R. Civ. P. 23, and summary judgment with respect to class and collective issues.

### D. POSTING WOULD BE A MINIMAL BURDEN AND ENSURE THE BEST NOTICE PRACTICABLE.

"[S]everal district courts have approved the posting of [a collective action] notice in addition to direct mailing." *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007). The combination of mailing and posting helps provide the best notice practicable. *Id.* at 542. Given the potential unreliability of mail notice, providing notice to employees by posting it conspicuously in their workplaces improves the chances that putative opt-ins will be notified of the pendency of this action.

Respectfully submitted,

/s/ C.K. Lee
C.K. Lee, Esq.

cc: Defendants' counsel via ECF