# Arthur H. Forman
*Attorney at Law*

98-20 Metropolitan Avenue
Forest Hills, New York 11375

Tel: 718-268-2616  Fax: 718-575-1600
e-Mail: ahf@ahforman.com

August 16, 2019

Hon. Steven Tiscione
U.S. Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

                              Re:       Francisco v. NY Tex Care, Inc., et al.
                                            Case No. 19-CV-1649 (PKC)(ST)

Dear Judge Tiscione:

      This office represents the defendants in the above referenced action, brought pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA") and the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). By letter dated August 14, 2019 (Doc. 17), plaintiff's counsel filed a letter summarizing plaintiff's anticipated motion for collective action. This letter is respectfully submitted in response.

      In her Complaint, plaintiff alleges that defendants engaged in "time shaving." She alleges that although she was scheduled to work from 7:30am to 2:00pm two days per week, she actually worked until 2:30 pm without being paid for the extra time. She therefore claims to be owed an extra hour for each week she worked. (¶¶ 24 and 27)[1]. She alleges she worked from September 2017 until January 7, 2019, approximately 64 months. (¶ 23) and to have been paid $12.00 per hour for the first 16 weeks, $13.50 per hour for the next 52 weeks, and $16.00 per hour for her last week of work. Accordingly, even if plaintiff is owed at overtime rates, as alleged in ¶27 of the Complaint, the most she can claim to be owed under the FLSA is $1,365.00.

      The bulk of plaintiff's alleged damages arise under the FLMA, not the FLSA. Plaintiff alleges defendants terminated her employment on January 7, 2019 in violation of the FMLA. She seeks back pay, front pay, liquidated damages and attorney fees under the FMLA. (¶¶ 30 and 52). At $16.00 per hour, her final alleged salary, and 47 hours per week she alleges she worked, she would be entitled to $696.00 per week in back pay. Therefore, from the date of her termination, approximately 33 weeks ago, to the present, plaintiff may be entitled to approximately $23,000.00. She may be entitled to more if she is still unemployed.

      Even though the bulk of plaintiff's damages depends on her FMLA claim, plaintiff seeks certification of her FLSA claim. She does not allege any other employees are similarly situated to her FMLA claim. It is defendants' position that plaintiff is not similarly situated to

---

[1] All references are to the paragraphs of the Complaint (ECF Doc. 1)

other employees. Because the bulk of plaintiff's damages are found in claims different from any other employees, a collective action would not be proper. The Court should decline to permit plaintiff to send notice to any purported class of employees.

Even if the Court finds that certification is proper, the class Plaintiff seeks to certify is improper. Plaintiff claims to be representative of "all non-exempt employees (including, but not limited to all pressers and dry cleaners) at Defendants' Green and White Dry Cleaner." However, plaintiff was last employed eight months ago. It is doubtful she has any knowledge of whether the hours of defendants' current employees are being shaved. If the motion is granted, employees who did not work with plaintiff prior to her termination should not be included.

Further, a question of fact exists as to whether Defendants were plaintiff's employer prior to February 18, 2018. In their Answer (ECF Doc. 16), defendants deny that plaintiff began working for them in September 2017 (¶ 23) and deny they have knowledge of plaintiff's salary prior to February 18, 2018. Defendants intend to submit proof that the business was purchased on that date and that no former owner still has an ownership interest in the business. Accordingly, even if the motion is granted, the collective should not extend to any employees who did not work with plaintiff after the date the business was purchased.

For all the above reasons, defendants intend to oppose plaintiff's motion for conditional certification of the action.

                                          Very truly yours,

                                              /S/
                                        Arthur H. Forman

AHF/ms