UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HERLINDA FRANCISCO, on behalf of herself,
FLSA Collective Plaintiffs and the Class

                              Plaintiff,

    -against-

NY TEX CARE, INC. d/b/a GREEN & WHITE
DRY CLEANER, and INSUN YUN,

                             Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19-CV-1649 (PKC) (ST)

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Herlinda Francisco filed suit against Defendants NY Tex Care ("Tex Care"), Inc., doing business as Green & White Dry Cleaners, and Insun Yun for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*  Compl. ¶¶ 1–2.  Ms. Francisco seeks to recover an award of unpaid regular and overtime wages, spread of hours wages, and liquidated damages.  Compl. ¶ 14.  Ms. Francisco now moves the Court to conditionally certify a collective action.  *See* Mot. Certify, ECF No. 31.  This Court recommends that the Motion to Certify be GRANTED in part and DENIED in part.

    A.  **Factual Background**

      Ms. Francisco alleges that she was employed from September 2017 through January 2019 at Tex Care, a commercial laundry and dry-cleaning plant located in Queens County.  Compl. ¶ 23; Yun Aff. ¶ 2, ECF No. 34.  Tex Care provides a dry-cleaning service for dry-cleaning stores that do not have their own dry-cleaning equipment.  Yun Aff. ¶ 10.  Tex Care drivers pick up clothing to be cleaned, and then return the clothing on the same day after it has been dry-cleaned and pressed.  Yun Aff. ¶ 10.  Defendant Insun Yun is the sole shareholder and officer of Tex Care.  Yun Aff. ¶ 2.  Yun attested that dry clean pressers must "work until all the clothes that

1

were picked up that day are pressed." Yun Aff. ¶ 10. Yun attested that "[t]here is no set time when their work is finished." Yun Aff. ¶ 10. Yun attested as follows:

> There is no set time when [pressers'] work is finished. It varies each day according to how much laundry the dry-cleaning stores give to be cleaned and pressed. It changers [sic] from day to day. There is no average amount of clothes. It varies greatly from day to day because it is based on the amount of business the individual customers give to the retail stores.

Yun Aff. ¶ 10.

Ms. Francisco worked as a dry clean presser at Tex Care.[1] Francisco Decl. ¶ 1, ECF No. 33. She alleges that she generally worked forty-seven hours a week over the course of six days. Francisco Decl. ¶ 4. She alleges that she "was not paid for five (5) hours that [she] worked per week because [her] time sheet was rounded to an average of forty-two (42) hours per week." Francisco Decl. ¶ 4. She alleges that she was paid a base salary of $12.00 per hour from September 2017 to January 2018. Francisco Decl. ¶ 5. From January 2018 to April 2018, however, she received a raise to $13.50 per hour. Francisco Decl. ¶ 5. On April 15, 2018, she received a raise to $15.00 per hour. Francisco Decl. ¶ 5. Finally, on January 1, 2019, she received a raise to her final salary of $16.00 per hour until she left the position. Francisco Decl. ¶ 5.

Ms. Francisco attests that she recalls "talking to Rodolfo and Manuel Sanchez at different times about how it was unfair that when we were asked to work more than our scheduled hours, our hours weren't counted." Francisco Decl. ¶ 6. She attests that they "would complain to each other during work that we weren't paid for all hours worked." Francisco Decl. ¶ 6. She attests that she recalls "talking to Manuel during lunch and we agreed that we should be paid for all of our worked hours, instead of the company only paying us for some of our recorded time." Francisco Decl. ¶ 6.

Ms. Francisco further attests that she "regularly observed and spoke with my co-workers about our wages and work. Such co-workers include, but are not limited to:

---

[1] This Court refers to the position of "dry clean presser" as simply "presser" throughout the opinion.

2

| Name | Position |
|---|---|
| Esperaza LNU | Presser |
| Rodolfo LNU | Presser |
| Manuel Sanchez | Presser |
| Rene LNU | Presser |
| Maria LNU | Presser |

Francisco Decl. ¶ 2.

Ms. Francisco also attests that she "was never paid spread of hours premium for any workday that exceeded ten (10) hours." Francisco Decl. ¶ 7. She attests that she spoke with her colleagues and confirmed that they had not been paid spread of hours wages either. Francisco Decl. ¶ 7. Ms. Francisco also attests that she did not receive a wage and hour notice, nor did she receive wage statements during her employment. Francisco Decl. ¶¶ 8–9.

Ms. Francisco filed the Complaint on March 22, 2019. *See* Compl. Defendant NY Tex Care was properly served on April 15, 2019 (Summons Returned, ECF No. 11) and Defendant Insun Yun was properly served on April 25, 2019, (Summons Returned, ECF No. 10) and filed their Answer on August 2, 2019. Answer, ECF No. 16. On November 22, 2019, Ms. Francisco filed the Motion to Certify FLSA Collective Action Pursuant to 29 U.S.C. § 216(b). Mot. Certify, ECF No. 31.

### B. Legal Standard

Under the FLSA, an employee may sue on behalf of herself and other employees who are "similarly situated." 29 U.S.C. § 216(b). Those "similarly situated" employees may opt-in to a collective action brought under the FLSA, and therefore become plaintiffs, by filing a written consent form with the Court. *Varghese v. JP Morgan Chase & Co.*, No. 14-CV-1718 (PGG), 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016); *see* 29 U.S.C. § 216(b).

The conditional certification of an FLSA collective action is a discretionary exercise of the Court's authority; it is useful as a case management tool, facilitating the dissemination of notice to potential class members. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989)). Because it is

3

discretionary, a motion for conditional certification involves a "far more lenient" standard than a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. *Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2016 WL 1070813, at *2 (E.D.N.Y. Mar. 14, 2016).

Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as an FLSA collective action. *Myers*, 624 F.3d at 554–55. In the first step, the Court looks at the pleadings, affidavits, and declarations to determine whether the plaintiffs and potential opt-in plaintiffs are sufficiently "similarly situated" to issue notice and allow the case to proceed as a collective action through discovery. *Id.* at 555.

The first step requires only a "modest factual showing" that plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (internal quotation marks and citations omitted). The standard of proof is low "because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis in original) (internal citations omitted). Participants in a potential collective action need not have held identical jobs or been subject to identical treatment; rather, conditional certification is appropriate where all putative class members are employees of the same enterprise and allege the same types of FLSA violations. *See Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011).

If the plaintiffs satisfy this first step and are granted conditional certification, the Court will then, on a fuller record, determine whether the actual opt-in plaintiffs are in fact "similarly situated" to the named plaintiffs. *Myers*, 624 F.3d at 555. If the record reveals that the opt-in plaintiffs are not, then the Court may de-certify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice. *Id.*

Despite the "low burden" at the first stage, a "plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes v. Nidaja, LLC*, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015). "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated."

4

*Id.*; *see also Myers*, 624 F.3d at 555. Courts in this district have consistently held that, "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587, at *3 (citing caselaw).

### C. Analysis

#### 1. *Plaintiff Has Met Burden of Showing Similarly-Situated Employees*

Plaintiff contends that she has met the "modest factual showing" in order for the Court to certify an FLSA collective action. Plaintiff argues that the "detailed allegations in the Complaint and declarations show that all Covered Employees were subject to the same compensation scheme." Mem. Supp. Mot., ECF No. 32 at 7. Further, Plaintiff argues that these allegations are "further corroborate[d]" by "Defendants' deposition testimony." *Id.* This Court agrees.

Ms. Francisco bases her assertion that Defendants engaged in a common policy on her conversations with co-workers. She alleges the specific names of people with whom she spoke, see Francisco Decl. ¶ 2 (including names of five of her co-workers with whom she spoke about "our wages and work"), includes details about the time and place of those conversations, see Francisco Decl. ¶ 3 (alleging that conversations took place "at work and during lunch time"), and includes various details about the conversations, see Francisco Decl. ¶ 3 (alleging that they spoke about "our pay and how we were not getting paid for all of our hours"), see also Francisco Decl. ¶ 6 (stating that she spoke with two specific co-workers about "how it was unfair that when we were asked to work more than our scheduled hours, our hours weren't counted").

Courts find that plaintiffs make the required showing for FLSA conditional certification where plaintiffs provide at least *some* level of factual detail with respect to similarly situated persons in the putative class. For instance, in *Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015), the Court found that a restaurant employee provided sufficient detail to establish that other waitstaff employees were similarly situated where the plaintiff-employee provided: (1) an affidavit from a similarly-situated employee who corroborated the named plaintiff's unpaid minimum wage claim; and (2) the plaintiff and the other corroborating

5

employee identified other employees by name, alleging that other employees were also not paid the minimum statutory wage—and these statements were accompanied by explanations regarding the bases for their beliefs. *Id.* at 115. In particular, the plaintiff stated that he knew that other employees were similarly situated because he saw other employees' paystubs and talked with other employees about their salary—and, albeit vague, the plaintiff provided dates on which the conversations took place and some information regarding the detail of those conversations. *Id.*; *but see id.* at 115–16 (allegations insufficient with respect to other, non-waitstaff employees in the putative class).

Courts consistently deny conditional certification motions that are premised entirely on conclusory statements. In *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), the plaintiff alleged that he regularly worked in excess of 40 hours a week but was not paid overtime compensation as required by the FLSA. The plaintiff complained that the policies to which he was subjected were a "common practice" at his place of employment based on his "observations" and "conversations" with other employees. *Id.* The court found that the plaintiff had not met his burden based on the fact that he had not provided "*any* detail as to a *single* such observation or conversation." *Id.*; *see also Reyes*, 2015 WL 4622587, at *2 (denying conditional certification motion where plaintiff did not "identify any of the other employees by name or indicate the time or circumstances surrounding his observations" nor did the plaintiff "state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities.").

In this case, Plaintiff has alleged specific factual information regarding the basis of her belief that other employees are similarly situated. Plaintiff has alleged that she had multiple conversations with at least five other co-workers regarding Defendants' failure to pay them for all of their hours worked. Plaintiff alleges that her co-workers also worked as pressers at Tex Care, a fact that is corroborated by Defendants' affidavit in opposition. *See* Yun Aff. ¶ 6 (stating that "all five people named by Plaintiff in paragraph 5 of her supporting declaration also worked . . . as pressers"). Plaintiff alleges that she spoke with other employees about how Defendants

6

"adjust[ed] our time sheet so we were only paid for scheduled shift hours, not our actual hours worked." Francisco Decl ¶ 3. Plaintiff refers to her co-workers by name, and includes *some* level of detail regarding when the alleged conversations took place. This case is unlike *Sanchez*, where the plaintiff alleged entirely conclusory statements in support of the notion that other employees are similarly situated.

Plaintiff's allegations are further bolstered by Defendants' deposition testimony and Defendants' affidavit submitted in opposition to the motion. During the deposition, Defendant Yun was asked, "Plaintiff says other employees had similar work schedules and received similar pay, that's true, right?" Ex. C to Mem. Supp. Mot. ("Yun Dep.") at 2:11–13, ECF No. 32-3. To which Yun said, "Yes." Yun Dep. at 2:14. Yun further stated, "all my employees are treated the same way." Yun Dep. at 3:8–9. It is also important to note that Yun consistently refers to pressers as a group—she states, "the pressers did not have a specific time when their shift ended." Yun Aff. ¶ 10. Further, she attests that "the pressers need to work until all the clothes that were picked up that day are pressed." Yun Aff. ¶ 10. By referring to pressers as a collective, by stating that they are all treated "the same way," and by affirming that they all had similar work schedules and pay, Yun corroborates the notion that other pressers are similarly situated to Ms. Francisco.

Although this Court considers Yun's affidavit to the extent it provides background information or corroborates Plaintiff's evidence, this Court disregards the affidavit to the extent that it requires us to weigh evidence or assess credibility. At the current stage, this Court does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010)); *see also Colon v. Major Perry St. Corp.*, 12-CV-3788 (JPO), 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013) ("Defendants . . . may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits." (citation omitted)). Accordingly, this Court disregards Defendant Yun's affidavit to the extent it contains factual assertions that are

7

contrary to the affidavits in support of the motion.

This Court finds Plaintiff's allegations sufficient to support conditional certification.

*2. Proposed Notice*

Because this Court finds that certification is warranted, the next step is determining the form and contents of notice to prospective opt-in plaintiffs. District courts have the power to facilitate notice to prospective plaintiffs in an FLSA collective action. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–174 (1989); *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). Courts use discretion to ensure that "putative plaintiffs receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Bittencourt*, 310 F.R.D. at 116 (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (other citation omitted)). Accurate and timely notice fits with the "broad remedial purpose of the FLSA" and facilitates efficient judicial resolution of suits. *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).

Plaintiff requests that notice be mailed to "all non-exempt laundry employees" who were employed by Defendants for the six-year period before the filing date of the suit. Defendants oppose the proposed notice on two grounds: *first*, they argue that the notice period is overbroad and instead request that the Court issue notice for a 2-year period; and, *second*, Defendants argue that the collective should be limited to "pressers" and not "all non-exempt laundry employees." Mem. Opp. at 8–9, 11.

The FLSA provides for a two-year statute of limitation on actions to enforce its provisions, unless the violation was willful, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a); *see also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 461 (E.D.N.Y. 2014). Plaintiff alleges willful violations in the Complaint. *See* Compl. ¶¶ 13, 18, 33, 42. Despite Defendants' suggestion, see Mem. Opp. at 9, these allegations are sufficient at the conditional certification stage to apply a three-year statute of limitations. *See Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 73–74 (E.D.N.Y. 2016) ("At the conditional certification stage,

8

allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class.").

NYLL claims are subject to a longer, six-year statute of limitations. NYLL § 198(3). Courts are split on whether to allow a three- or six-year notice period for FLSA collective actions. *See Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013) (collecting cases that authorize a six-year notice period), *adopted by*, 2016 WL 1045532 (E.D.N.Y. Mar. 15, 2016); *but see Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (authorizing notice for three-year period); *Barry v. S.E.B. Serv. of New York, Inc.*, No. 11-CV-5089 (SLT) (JMA), 2013 WL 6150718, at *10 (E.D.N.Y. Nov. 22, 2013) (same). Despite the conflicting authority, this Court continues to find a three-year notice period to be the better approach:

> [T]he longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a). Thus, any potential plaintiff whose claim is more than three years old has a state law claim only. In the absence of diversity and a claim for damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.

*Jing Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2016 WL 11263668, at *12 (E.D.N.Y. Nov. 23, 2016) (quoting *Hanchard-James v. Brookdale Family Care Ctrs.*, 12-CV-1922 (BMC), 2012 WL 3288810, at *4 (E.D.N.Y. Aug. 9, 2012) (other citation omitted)), *adopted by*, 2017 WL 1216571 (E.D.N.Y. Mar. 30, 2017).

The next issue is the definition of the class. Plaintiff requests certification of a class including "all non-exempt laundry employees" while Defendants submit that if a class is certified it should include only "pressers." This Court agrees with the latter approach—Plaintiff's Complaint is simply devoid of any allegations regarding Tex Care employees who work in a position other than presser. In deciding whether potential plaintiffs are similarly situated, this Court is charged with looking at whether the plaintiff and the proposed putative plaintiffs "have similar positions, job requirements, pay provisions, and the like[.]" *Juarez v.*

9

*449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014).  In supporting her motion for collective certification, Plaintiff has alleged conversations with at least five employees, each of which she identifies as a "presser."  *See* Francisco Decl. ¶ 2 (listing five co-workers).  Plaintiff fails to put forth factual allegations that forms "an identifiable factual nexus[,]" *Juarez*, 29 F. Supp. 3d at 369, that binds her with non-presser employees.

Accordingly, this Court finds that a class of similarly situated people should be certified as including "pressers" for a period of 3 years from the filing of the complaint.

### 3.  *Defendants Shall Produce Discovery*

Plaintiff requests that the Court order the production of names and contact information of potential collective members.  Specifically, Plaintiff requests:

> the Court order Defendants to produce within ten days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six (6) years prior to the entry of the Order with the following information: names, social security number, titles, compensation rates, last known mailing addresses, email addresses, all known telephone numbers and dates of employment.

Mem. Supp. at 15, ECF No. 32.  Defendants object to disclosing the personal information of its employees and former employees, especially the social security numbers, noting privacy concerns.  Mem. Opp. at 9–10, ECF No. 35.

"Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action."  *Benavides*, 166 F. Supp. 3d at 488 (quoting *Martin v. Sprint/United Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *1 (S.D.N.Y. Jan. 4, 2016) (collecting cases)); *see also Tate v. WJL Equities Corp.*, No. 13-CV-8616 (JLC), 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014) ("Courts in this Circuit have held that disclosure of employee contact information is relevant and appropriate in connection with conditional collective action certification." (collecting cases)).  Disclosure of this information is "commonplace . . . because such information is essential to identifying and notifying potential opt-in plaintiffs."  *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK) (VMS),

10

2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015) (collecting cases).

Plaintiff provides a reason for seeking social security numbers. Plaintiff contends that "[a] large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by social security number." Mem. Supp. at 10, ECF No. 32. Plaintiff offers to execute a stipulation of confidentiality regarding the social security numbers to assuage Defendants' concerns. Mem. Supp. at 10 (citing *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (ordering defendant to produce social security numbers of putative collective members subject to entry of confidentiality agreement)).

The privacy concerns of the putative class members outweigh any speculative benefit of providing social security numbers at this stage. In the event that Plaintiff receives a large number of consent forms as undeliverable, then Plaintiff can renew her request for social security numbers at that time. *See Han v. Sterling Nat. Mortg.*, No. 09-CV-5589 (JFB) (AKT), 2011 WL 4344235, at *12 (E.D.N.Y. Sept. 14, 2011) (finding request for social security numbers to be premature and allowing Plaintiff to renew request at a later date); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (same).

   *4. Mailing and Posting of Notice*

Plaintiff requests that notice be distributed to potential plaintiffs and posted at Defendants' workplace. Courts routinely approve requests to send notice to putative collective action members via first-class mail. *See Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) (collecting cases). Courts are split on whether the posting of notice at a defendant-employer's workplace should be permitted. *See id.* (noting disagreement among courts).

Defendant opposes Plaintiff's request to post notice of the lawsuit on its premises, arguing that posting notice "serves no real purpose in this case." Mem. Opp. at 10, ECF No. 35. Plaintiff does not defend the posting of notice in its Reply brief, nor does it advance a persuasive argument in its opening brief. *See* Reply; Mem. Supp. Because courts are split on the issue, and because Defendants oppose the request, this Court finds that posting notice of the lawsuit is

11

unnecessary. This Court finds that notice via first-class mailing is sufficient at this stage. If a large number of notices are returned as undeliverable, then Plaintiff shall re-apply to this court for appropriate relief. *See Han*, 2011 WL 4344235, at 40–41 n.13 (finding posting of notice unnecessary and granting Plaintiff the opportunity to seek relief in the future).

     5. *Equitable Tolling*

Plaintiff also requests that the Court apply the doctrine of equitable tolling to toll the statute of limitations until Plaintiff sends notice to potential opt-in plaintiffs. Mem. Supp. at 7. Typically, in an FLSA case such as this one, the statute of limitations for each plaintiff runs when he or she files written consent with the court electing to join the lawsuit. *See* 29 U.S.C. § 256(b). Courts have discretion to equitably toll the limitations period when it is appropriate to "avoid inequitable circumstances." *Yahraes v. Rest. Assocs. Events Corp.,* No. 10-CV-935 (SLT), 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011). Despite the discretion given to trial courts, the "conditions for applying the doctrine are strict." *Knox*, 282 F. Supp. 3d at 657. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling only applies in "rare and exceptional circumstances." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)).

Plaintiff supports his request for equitable tolling by stating that such tolling is necessary to avoid "inequitable circumstances." Mem. Supp. at 11. Plaintiff merely contends that other courts have "increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases." Mem. Supp. at 11 (citing cases). Even assuming that Plaintiff has been pursuing her rights diligently, there is no evidence that an "extraordinary circumstance stood in [Plaintiff's] way." When a plaintiff fails to put forth evidence to show entitlement to equitable tolling in an FLSA case, other courts have denied relief. *See, e.g.*, *Ramos v. PJJK Rest. Corp.*, No. 15-CV-5672 (PKC),

12

2016 WL 1106373, at *5 (S.D.N.Y. Mar. 10, 2016) (denying equitable tolling where "Plaintiffs . . . made no evidentiary showing as to why equitable tolling is warranted [and] merely contend[ed] that courts 'routinely grant' requests for equitable tolling in FLSA actions . . ."); *see also Knox*, 282 F. Supp. 3d at 658–61 (denying equitable tolling where plaintiffs did not make any evidentiary showing); *Lanqing Lin v. Everyday Beauty Amore Inc.*, No. 18-CV-729 (BMC), 2018 WL 6492741, at *7 (E.D.N.Y. Dec. 10, 2018) (denying equitable tolling where "Plaintiffs [did] not even argue that they ha[d] pursued their claims diligently, let alone that theirs is an exceptional case."); *Alberto v. Rico Pollo #2 Rest. Corp.*, No. 18-CV-4762 (BMC), 2018 WL 6813057, at *5 (E.D.N.Y. Dec. 26, 2018) (denying equitable relief where plaintiffs had "not shown why their case is any different from a regular, run-of-the-mill FLSA collective action.").

Plaintiff fails to show why this is one of the "rare and exceptional" cases in which equitable tolling should apply; accordingly, this Court finds the doctrine inapplicable here.

### D. Conclusion

This Court respectfully recommends that Plaintiff's Motion to Certify be GRANTED in part and DENIED in part and the following relief be ordered:

(1) Plaintiff's proposed FLSA collective action be conditionally certified as including all current and former "pressers" employed by Defendants at any time on or after March 22, 2016 to the entry of an Order on the present Motion;

(2) Defendants produce the names, dates of employment, mailing addresses, e-mail addresses, telephone numbers, and dates of employment of potential members of the collective action during the period of March 22, 2016 to the entry of an Order on the present Motion; and

(3) Plaintiffs be permitted to mail to all potential members of the collective the proposed FLSA notice (including the Spanish translation) that is attached as Exhibit A to Plaintiff's Memorandum in Support (ECF No. 32-1).

### E. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                        /s/
                                        Steven L. Tiscione
                                        United States Magistrate Judge
                                        Eastern District of New York

Dated:  Brooklyn, New York
            April 20, 2020