UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HERLINDA FRANCISCO, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                Plaintiff,

      - against -

NY TEX CARE, INC. and INSUN YUN,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1649 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

On March 22, 2019, Plaintiff Herlinda Francisco initiated this putative class action against Defendants NY Tex Care, Inc. and Insun Yun for alleged violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and the Family Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Complaint ("Compl."), Dkt. 1, ¶¶ 1–2.) On November 22, 2019, Plaintiff filed a motion to certify a collective action under the FLSA (Dkt. 31) and attached a proposed FLSA notice to her memorandum of law (Proposed Notice, Dkt. 32-1). On April 20, 2020 the Honorable Steven Tiscione, Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the motion to certify a collective action be granted in part and denied in part, that Plaintiff should be permitted to mail her proposed FLSA notice to all potential members of the collective action, and ordering discovery on the identities of members of the conditionally certified collective action. (R&R, Dkt. 38, at 13.) Plaintiff has filed no objection to the R&R. On April 29, 2020, Defendants filed an objection only to the portion of the R&R recommending that the Court adopt Plaintiff's proposed FLSA notice, as currently written, as its date and scope are inconsistent with the remainder of the R&R. (Dkt. 41.) The R&R and its objection are currently pending before the

1

Court. For the reasons contained herein, the Court agrees with Defendants and adopts in part and modifies in part the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendation on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Frankel v. New York City*, No. 06-CV-5450 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (internal quotation marks, alterations, and citation omitted). Accordingly, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). Moreover, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis v. Artus*, No. 06-CV-3077 (SLT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (internal quotation marks and citations omitted) (collecting cases).

**DISCUSSION**

The Second Circuit has suggested a "sensible" two-stage process for the certification of a collective action under Section 216(b) of the FLSA. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (collecting cases). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.*

The Court has reviewed both the record and Judge Tiscione's thorough and well-reasoned R&R. The Court finds no clear error[1] in Judge Tiscione's recommendation to conditionally certify the FLSA collective action as including all current and former "pressers" employed by Defendants at any time on or after March 22, 2016 (R&R, Dkt. 38, at 5–8, 13), and adopts that recommendation with respect to both the scope of employees that fit within the class definition and the time period the class covers, including the recommendation to deny Plaintiff's request to apply equitable tolling and toll the statute of limitations until Plaintiff sends notice to potential opt-in plaintiffs. (*Id.* at 12–13.) The Court also finds no clear error[2] in Judge Tiscione's recommendation on the appropriate scope of class discovery. (*Id.* at 13.)

---

[1] Because neither party has filed an objection to this portion of the R&R, the Court reviews this recommendation for clear error. *Saleh v. Pompeo*, 393 F. Supp. 3d 172, 177 (E.D.N.Y. 2019) ("In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." (internal quotation marks omitted)); *see id.* (collecting cases).

[2] "Matters concerning discovery generally are nondispositive of the litigation" and are reviewed "for clear error" only. *Sampedro v. Siler Point Capital, L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) (internal quotation marks and citations omitted).

However, as argued by Defendants, the Court finds that Plaintiff's proposed notice is inconsistent with Judge Tiscione's first recommendation, now adopted by the Court, regarding the scope of the collective that is being preliminarily certified. A District Court has the authority to facilitate and "narrow[]" a FLSA opt-in notice such that it is directed towards the appropriate individuals that are the subject of the FLSA collective action. *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016); *see Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989) ("We hold that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . in ADEA actions by facilitating notice to potential plaintiffs."); *Myers*, 624 F.3d at 555 n.10 (applying the reasoning of *Hoffman-La Roche Inc.* to FLSA collective actions).

As the R&R aptly explained, the purpose of a District Court's discretion in facilitating notice is to ensure that "putative plaintiffs receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." (R&R, Dkt 38, at 8 (quoting *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106, 116 (S.D.N.Y. 2015)).) In the R&R, Judge Tiscione recommended that the Court reject Plaintiff's request "that notice be mailed to 'all non-exempt laundry employees' who were employed by Defendants for the six-year period before the filing of the suit" (R&R, Dkt. 38, at 8), on the grounds that a three-year look-back period is consistent with the FLSA's three-year statute of limitations for willful violations (*id.* at 8–9), and because the class includes "pressers" only (*id.* at 9 (noting that "Plaintiff's Complaint is simply devoid of any allegations regarding Tex Care employees who work in a position other than presser")). The Court adopts that recommendation as not clearly erroneous.[3]

---

[3] As noted in the R&R, courts are split on whether to allow a three- or six-year notice period for FLSA collective actions, where the plaintiff alleges a willful FLSA violation, and where violations of the NYLL, which provides for a six-year statute of limitations, are also alleged.

The notice to class members should, therefore, reflect the current state of the class. As it is currently written, the Proposed Notice is addressed to all "former or current non-exempt laundry employee[s]" who worked for Tex Care "at any time between March 22, 2013 [*i.e.*, six years before the filing of the lawsuit] and the present." (Notice, Dkt. 32-1.) The Court, therefore, modifies Judge Tiscione's recommendation to use the Proposed Notice as it is currently written (R&R, Dkt. 38, at 13), and respectfully refers oversight of the revised proposed notice to Judge Tiscione.

## CONCLUSION

For the reasons contained herein the Report and Recommendation of the Honorable Steven Tiscione is granted in part and modified in part, consistent with this Order.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 12, 2020
      Brooklyn, New York

---

(R&R, Dkt. 38, at 8–9 (citing, *inter alia*, *Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2016 WL 11263668, at *12 (E.D.N.Y. Nov. 23, 2016), *report and recommendation adopted*, 2017 WL 1216571 (E.D.N.Y. Mar. 30, 2017)); *see also Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (noting that "courts in this jurisdiction have granted both three and six year notice periods, depending upon the facts of the particular case"); *Iglesias-Mendoza v. La Belle Farm Inc.*, 239 F.R.D. 363, 375 (S.D.N.Y. 2007) (finding that there would be pendent jurisdiction "even if the court later determines that a shorter statute of limitations applies to the FLSA claims [as compared to the NYLL claims because] the state law claims would not predominate over the federal ones"). Here, Plaintiffs have not yet moved for class certification of the NYLL claims, which the Court finds favors the application of a three-year notice period, as recommended by Judge Tiscione.

5