UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HERLINDA FRANCISCO, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                        Plaintiff,

        - against -

NY TEX CARE, INC., d/b/a GREEN & WHITE DRY CLEANERS, and INSUN YUN,

                        Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1649 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

On March 22, 2019, Plaintiff Herlinda Francisco filed this case on behalf of herself and "all non-exempt employees, including maintenance workers, cleaners, washers, pressers, loaders, and counterpersons" employed by Defendants NY Tex Care, Inc., d/b/a Green & White Dry Cleaners ("Green & White"), and Insun Yun, the sole owner of Green & White. (Complaint ("Compl."), Dkt. 1, ¶¶ 12, 15.) Plaintiff alleged that Defendants had engaged and were continuing to engage in various "time-shaving" tactics to pay every employee less than they worked in a given day, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.* (the "NYLL").[1] (*See, e.g., id.* ¶ 27.)

On June 12, 2020, the Court certified an FLSA collective pursuant to 29 U.S.C. § 216(b). (Dkt. 44.) On March 28, 2022, the Court certified a NYLL class pursuant to Federal Rule of Civil Procedure ("Rule") 23. (Dkt. 63.) No additional plaintiffs have opted into the FLSA collective, and no notice has been approved for or provided to the Rule 23 class. On May 9, 2022, Plaintiff's

---

[1] Plaintiff also brought a claim on her own behalf for violation of the Family Medical Leave Act, 29 U.S.C. § 216(b) (the "FMLA").

1

counsel filed a Notice of Acceptance with Offer of Judgment pursuant to Rule 68, an executed Offer of Judgment, and a Proposed Rule 68 Judgment for the Court's signature. (Dkt. 67.) The Offer of Judgment seeks to resolve "all of Plaintiff's individual claims against Defendants arising out [of], alleged in, or related to, the facts and transactions alleged in the above-captioned action," for $30,000, "inclusive of all attorney's fees, interest, costs and expenses to date of this offer." (Dkt. 67-2 at 1.) The Offer specifically states that, "[f]or the avoidance of doubt, the class claims raised in this lawsuit remain unresolved and unadjudicated." (*Id.* at 2.) Nevertheless, the Proposed Rule 68 Judgment directs the Clerk of Court to close this case (Dkt. 67-2), presumably because, since the only Class Representative has accepted an offer of judgment, the case is now moot.

The Proposed Rule 68 Judgement is So Ordered, and the Clerk of Court is respectfully directed to enter judgment accordingly and close this case. For clarity of the record, however, the Court briefly explains why it does not need to approve the settlement in this case under the FLSA or Rule 23, and why this case is rendered moot by Plaintiff's acceptance of the Rule 68 offer.

In order for parties to voluntarily dismiss with prejudice a case involving FLSA claims under Rule 41(a)(1)(A)(ii), the district court must typically find that any settlement is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Second Circuit, however, has held that court approval is not similarly required when a case involving FLSA claims is resolved through a Rule 68 offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

Rule 68(a) states that,

> [a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made," which includes attorney's fees. Fed. R. Civ. P. 68(d); *Marek v. Chesny*, 473 U.S. 1, 9 (1985). "On its face, Rule 68(a)'s command that the clerk must enter judgment is mandatory and absolute." *Mei Xing Yu*, 944 F.3d at 400.

In *Mei Xing Yu*, the Second Circuit noted that, under Supreme Court precedent, the mandatory and absolute nature of Rule 68 can only be set aside where a statute contains "the necessary clear expression of congressional intent required to exempt the statute from the operation of Rule 68." *Id.* at 402 (quoting *Marek*, 473 U.S. at 11–12). After reviewing the text, legislative history, and other considerations of the FLSA, the Second Circuit found that no "necessary clear expression . . . to exempt the statute from the operation of Rule 68" existed. Accordingly, under *Mei Xing Yu*, it is clear that no court approval is required for entry of judgment pursuant to Rule 68 because of Plaintiff's FLSA claims.

In this case, however, the Court has also certified a NYLL class pursuant to Rule 23. Under Rule 23(e), "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Rule 23(e) goes on to detail procedures that courts must follow before approving a class-action settlement. *See id.* Here, however, because the Rule 68 offer explicitly states that it does not resolve the class claims, it appears that the "claims, issues, or defenses" of the class are not being "settled, voluntarily dismissed, or compromised" by entry of the Proposed Rule 68 Judgment." *See* Fed. R. Civ. P. 23(e). Instead, this case is rendered moot because the only class representative's claims

3

are being resolved by the Rule 68 judgment.² Thus, the case needs to be closed, but with no prejudice or binding effect on any of the class members or their claims.

Furthermore, in *Mei Xing Yu*, the Second Circuit noted that other circuits "have required Rule 68(a) offers of judgment settling class action suits to be approved by the district court before the judgment can be entered," relying on the language from Rule 23 explicitly requiring court approval. 944 F.3d at 401. Referring to that and other possible carve-outs to Rule 68, however, the Second Circuit observed that "[o]ur circuit has yet to endorse any of these asserted exceptions to Rule 68(a)'s mandatory command that the clerk of the court enter judgment once an offer has been accepted and filed with the court." *Id.* As discussed, in this case, it is not even clear that the Proposed Rule 68 Judgment would be a "judgment settling [the] class action." *See* Fed. R. Civ. P. 23(e). But even if it were, *Mei Xing Yu* makes it clear that Second Circuit precedent would not require the Court to judicially approve the Rule 68 offer.

The facts of this case, in particular, do not present a pressing need for judicial authorization of the Proposed Rule 68 Judgment. In most cases where tension arises between Rule 68 and Rule 23(e), plaintiff's counsel is arguing that the Rule 68 judgment should not moot the case. Here, however, Plaintiff's counsel has taken no such position and instead has submitted the Proposed Rule 68 Judgment to the Court. (Dkt. 67.) The Court recently found that Plaintiff and Plaintiff's

---

² The Supreme Court has held that in class-action litigation where the alleged harm to a named plaintiff would necessarily dissipate over the course of the litigation—such as where citizens are prohibited from voting for one year upon moving to a new state—the fact that the named plaintiff's claims become moot will not moot the lawsuit; otherwise, the class claims could never be effectively adjudicated. *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). This case, however, does not belong to that "narrow class of cases" where the alleged harm to the representative plaintiff will dissipate over time. *See Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975); *Sosna*, 419 U.S. at 402. Rather, here, the harm that Plaintiff and the putative class members allege, *i.e.*, lost wages, definitely will not dissipate over time. The class members here seek monetary damages, for which they have claims that could be litigated to completion, should any class member choose to do so.

4

counsel were adequate class representatives. (Dkt. 63 at 16–19.) While the Court can imagine situations where a Rule 68 Judgment could be used by both parties to evade the requirements of Rule 23(e) and sacrifice the class's claims to benefit Plaintiff and/or her counsel, the Court does not find that that is the situation here. Indeed, as noted, the class claims are not resolved or adjudicated by this Rule 68 judgment, so those class claims could, in fact, still be pursued by Plaintiff's/class counsel. Conversely, if class counsel has determined that those claims should not be pursued, it would be inappropriate for the Court to require Plaintiff or her counsel to do so against their own best judgment, and it would be a waste of the parties' and Court's resources to go through the formalities of dissolving the class before entering the Proposed Rule 68 judgment.

Accordingly, the Proposed Rule 68 Judgment is So Ordered, and the Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 12, 2022
       Brooklyn, New York